558 F.2d 1262
 In the Matter of ERIE LACKAWANNA RAILWAY COMPANY, Debtor.
Appeal of UNITED STATES of America. (75-2446; 76-1148; 76-1721/2/3)
Appeal of FIRST NATIONAL CITY BANK et al. (75-2447;
76-1149; 76-1723; 76-1724)
Appeal of INSTITUTIONAL INVESTORS ERIE GROUP. (75-2447; 76-1149)
 Nos. 75-2446 to 75-2447, 76-1148-76-1149 and 76-1721 to 76-1724.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 7, 1977.
Decided June 27, 1977.
Rehearing Denied July 29, 1977.
 
 John H. Broadley, Sp. Litigation Counsel, Civ. Div., Dept. of Justice, Washington, D.C., for appellant in 75-2446, 76-1148, 76-1721 and 76-1722, and for appellee in 75-2447, 76-1149, 76-1723 and 76-1724.
 Morton Hollander, David J. Anderson, Sp. Litigation Counsel, Civ. Div., Dept. of Justice, Washington, D.C., for appellant in 75-2446.
 Melvin E. Bank, Alan R. Lepene, Thompson, Hine & Flory, Cleveland, Ohio, for appellee in 75-2446, for appellant in 75-2447, 76-1149, 76-1723, and for First Nat. & U.S. Trust of N.Y. in 76-1148, 76-1723 and 76-1724.
 William S. Paddock, Frank C. Heath, Jones, Day, Reavis & Pogue, Carl C. Tucker, Cleveland, Ohio, for appellee in 75-2446, for appellant in 75-2447, for Morgan Guar., Cleveland Trust in 76-1148, 76-1149, for Morgan Trust, Cleveland Trust and Institutional Harvesters in 76-1723 and 76-1724.
 Ralph A. Colbert, Marc W. Freimuth, Squire, Sanders & Dempsey, Cleveland, Ohio, for appellee in 75-2446, for Manufacturers and Marine Midland in 76-1148 and 76-1149, for Manufacturers Hanover and Marine Midland in 76-1723.
 Wallace R. Steffen, Richard Jackson, Erie Lackawanna Railway Co., Cleveland, Ohio, Harry G. Silleck, Jr., Mudge, Rose, Guthrie & Alexander, New York City, for appellee in 75-2446, 76-1721, 76-1722, for cross-appellants in 76-1149.
 Thomas L. Bryan, Willkie, Farr & Gallagher, New York City, for appellee in 75-2446, for Institutional Investors Erie Group in 76-1148 and 76-1723, for cross-appellants in 76-1149.
 Fred H. Marcusa, Davis, Polk & Wardwell, New York City, for appellee in 75-2446.
 Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for appellant in 76-1721 and 76-1722, and for appellee in 76-1723 and 76-1724.
 Before WEICK, LIVELY and ENGEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Government has appealed from four Reorganization Court Orders, being Nos. 410, 431, 453 and 478, denying its petitions for orders directing the Trustees of the Debtor, Erie Lackawanna Railway Company (EL), to enter into proposed Financial Assistance Agreements submitted by Federal Railroad Administration (FRA) under Section 215 of the Regional Rail Reorganization Act (RRRA), 45 U.S.C. § 725. These proposed agreements would have permitted FRA to purchase installments of the Debtor's conditional sales or equipment purchase obligations and to give to the Government a claim in such conditional sales and equipment purchase obligations equal to the full amount of principal and interest paid from § 215 funds which would have priority over the claims of the mortgage bond holders having an equity in the equipment because of the after-acquired property provisions in the mortgage indentures.
 
 
 2
 Instead, the Reorganization Court ordered that the Government's interest in the installments purchased be limited to increases in the equipment's equity attributable to such payments. The Court reasoned that the equipment installment obligations constituted costs of operation or operating expenses under the RRRA as applied to railroads in reorganization; and that the proposed agreements would involve major deferrals of the Debtor's operating expenses until the authorized conveyance to Conrail and would constitute a taking of the estate's property without due process, for which a remedy could be obtained only by resort to the cost and expense of filing suit in the Court of Claims.
 
 
 3
 The Indenture Trustees have cross-appealed, claiming priority over the Government's interest.
 
 
 4
 It seems to us that the reasoning of the Reorganization Court makes sense. The Trustees of EL were certainly not obligated to sign whatever agreement FRA submitted; nor was the Reorganization Court required to approve whatever agreement FRA submitted.
 
 
 5
 It was the duty of the bankruptcy court to protect the interests of creditors of the estate and not to permit values to be slaughtered or assets of the estate to be wasted.
 
 
 6
 It was of course in the public interest for the Trustees to operate the railroad until the conveyance to Conrail. It was not, however, in the interest of the bondholders for the Trustees to do so, and the bondholders did not consent thereto; and such operations have resulted in huge losses. There seems to be a real question whether bondholders will receive anything from the estate.
 
 
 7
 The Reorganization Court found the FRA would make a substantial profit from the purchase of the installments under the form of agreement which it submitted. The approved agreement reaches an equitable result.
 
 
 8
 The Court relied on the decision of Judge Fullam in In re Penn Central Transp. Co., Opinion and Order 1884, 395 F.Supp. 567 (E.D.Pa.1975), which rejected a similar proposed Section 215 equipment obligations agreement submitted by FRA, because the Government would have acquired an interest equal to the entire installment paid rather than simply equal to the increase in equity represented by the payment of that installment.
 
 
 9
 The Court had previously approved a Financial Assistance Agreement in the form submitted by FRA in Order No. 340 for earlier installments, but subsequently, on application for reconsideration, it modified the Order in Order No. 431 to conform to Order No. 410. FRA challenges the authority of the Court to modify its decision. The modification occurred during the time that an appeal could have been taken from such order. We are of the opinion that a bankruptcy court has full power to modify its decrees upon good cause shown, particularly during the time that an appeal could have been taken therefrom.
 
 
 10
 Pending the present appeal from all of the four orders, a mutually satisfactory interim solution was agreed upon by all parties and was approved by the Court.
 
 
 11
 Relative to the cross-appeal of the Trustees of the bondholders, we are of the opinion that the interests of the obligees of the conditional sales agreements and equipment purchase agreements are superior to any lien asserted by such Trustees therein, on account of the after-acquired property provisions in the bond issues. Consequently the Government's claim for subrogation would be superior.
 
 
 12
 We think the Reorganization Court, Judge Krupansky, reached the correct conclusion. His findings cannot be considered in any sense as being arbitrary, unreasonable, or an abuse of the discretion confided in him in the administration of the bankrupt's estate. Because of the foregoing, and for the additional reasons set forth in the orders, each order is hereby
 
 
 13
 AFFIRMED.